UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

**In Re**

JAVIER GIL and MARIBEL GIL,

**Debtors.**

**Bankruptcy Case No. 07-40831-JDP**

_____

**MEMORANDUM OF DECISION**

_____

**Appearances:**

Kent D. Jensen, Burley, Idaho, Attorney for Debtors.

William R. Hollifield, Twin Falls, Idaho, Attorney for Trustee.

Gary L. Rainsdon, Twin Falls, Idaho, Chapter 7 Trustee.

*Introduction*

On February 27, 2008, chapter 7 Trustee Gary L. Rainsdon ("Trustee") filed an Objection to Debtor's Claim of Exemptions. Docket No. 44. Debtors Javier and Maribel Gil ("Debtors") responded to the objection on March 6, 2008. Docket No. 47. A hearing before the Court

MEMORANDUM OF DECISION - 1

was conducted on May 5, 2008, at the conclusion of which the Court invited the parties to file supplemental briefing. Thereafter, the issues were taken under advisement.

The Court has considered the record, the submissions and arguments of the parties, and the applicable law. This Memorandum constitutes the Court's findings and conclusions, and disposes of the motion. Fed. R. Bankr. P. 7052; 9014.[1]

*Procedural History*

On September 28, 2007, Debtors filed a chapter 13 petition. Included in their amended Schedule C was a claimed exemption in a "Balance on contract sale $13,050" pursuant to Idaho Code § 41-1836(1)(b). Docket No. 25. Chapter 13 trustee Kathleen A. McCallister objected to that exemption claim, Docket No. 31, and Debtors responded to Trustee's objection, Docket No. 32. However, before the dispute could be resolved, the case

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036. (Rule 9037 became effective on December 1, 2007, after the petition filing date).

MEMORANDUM OF DECISION - 2

was converted to chapter 7 on Debtors' motion. Docket No. 34. Trustee thereafter filed the Objection to Claim of Exemption at issue here.

### *Analysis and Disposition*

#### A.

As a general matter, when a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate, and are available for distribution to the debtor's creditors. *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005) (quoting § 541(a)(1)). However, in order to meet the goal of allowing a debtor to gain a financial fresh start, the Code permits the debtor to shield certain interests in property from administration in the bankruptcy case. *Id.*; *See, e.g.,* 11 U.S.C. § 522(d).

Because Idaho has "opted out" of the federal exemption scheme, Debtors may claim only those exemptions allowable under Idaho law. Idaho Code § 11-609; 11 U.S.C. § 522(b)(3)(A).

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson*

MEMORANDUM OF DECISION - 3

*(In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). The validity of a claimed exemption is determined as of the date of filing of the bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu)*, 226 B.R. 743, 751 (9th Cir. B.A.P. 2001); *In re Yackley*, 03.1 I.B.C.R. 84 (Bankr. D. Idaho 2003). Exemption statutes are to be liberally construed in favor of the debtor. *In re Kline*, 350 B.R. at 502 (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001).

B.

Debtors claim an exemption, under Idaho Code § 41-1836, in the stream of payments they are entitled to receive pursuant to the terms of a land sale contract. The sale is evidenced by a Promissory Note ("Note") as well as a Deed of Trust ("DOT"). Docket No. 44, pp. 4-7.

Idaho Code § 41-1836 provides, in pertinent part:

> (1) The benefits, rights, privileges and options which under any annuity contract heretofore or hereafter issued are due or prospectively due the annuitant, shall not be subject to execution nor shall the annuitant be compelled to exercise any such rights, powers, or options, nor shall

MEMORANDUM OF DECISION - 4

>creditors be allowed to interfere with or terminate the contract, except:
>
>>\* \* \* \* \*
>
>(b) The total exemption of benefits presently due and payable to any annuitant periodically or at stated times under all annuity contracts under which he is an annuitant, shall not at any time exceed one thousand two hundred fifty dollars ($1,250) per month for the length of time represented by such installments, and that such periodic payments in excess of one thousand two hundred fifty dollars ($1,250) per month shall be subject to garnishee execution to the same extent as are wages and salaries.

Idaho Code § 41-1836(1)(b).

Debtors argue that the land sale contract is exempt under Idaho Code § 41-1836 by virtue of the broad definition of "annuity" found in that statute. That definition specifies that:

>(3) An annuity contract within the meaning of this section shall be any obligation to pay certain sums at stated times, during life or lives, or for a specified term or terms, issued for a valuable consideration, regardless of whether or not such sums are payable to one (1) or more persons, jointly or otherwise, but does not include payments under life insurance contracts at stated times during life or lives, or for a specified term or terms.

MEMORANDUM OF DECISION - 5

Idaho Code § 41-1836(3). Trustee, on the other hand, contends that the Note and DOT do not meet the requirements for an annuity found in the Idaho statutes.

Trustee's objection raises an issue of statutory interpretation. While the precise parameters of the statutory definition of an "annuity" are difficult to decipher, the Court agrees with Trustee that the Note and DOT do not qualify. Although they may meet the bare, structural requirements of the definition provision in Idaho Code § 41-1836(3) (*i.e.*, an obligation to pay certain sums at stated times for a specified period), the Note and DOT do not contain the necessary substantive provisions required for delivery under Idaho law.

Chapter 19, Title 41 of the Idaho Code is entitled "Life Insurance Policies and Annuity Contracts."[2] The scope of this chapter is spelled out in Idaho Code § 41-1901, which provides that it "applies only to contracts of life insurance and annuities, other than reinsurance, group life

---

[2] Neither the parties nor the Court have located any reported court decisions construing the statutory provisions at issue here.

MEMORANDUM OF DECISION - 6

insurance and group annuities." The Note and DOT are not related in any way to any life insurance arrangement.

More to the point, Idaho law specifies certain features that annuity contracts must have to qualify either for delivery or issuance for delivery:

> (1) No annuity or pure endowment contract, other than reversionary annuities (also called survivorship annuities) or group annuities and except as stated herein, shall be delivered or issued for delivery in this state unless it contains in substance each of the provisions specified in sections 41-1918 to 41-1923, inclusive, of this chapter. Any of such provisions not applicable to single premium annuities or single premium pure endowment contract shall not, to that extent, be incorporated therein.

Idaho Code § 41-1918.

Several of the requisite details are missing in the Note and DOT. First, neither the Note nor DOT contain a provision expressing that either constitutes the entire contract between the parties. While this sort of

MEMORANDUM OF DECISION - 7

provision could be viewed as boilerplate in many contracts, it is a required provision under Idaho Code § 41-1920.[3]

Next, the Idaho statutes require annuity contracts to include certain provisions concerning payment and default. Idaho Code § 41-1918 prescribes that there "shall be a period of grace of one month, but not less than thirty (30) days, within which any stipulated payment to the insurer falling due after the first may be made . . . during which period of grace the contract shall continue in full force". The Note and DOT allow no such grace period. Rather, the Note provides:

> If default be made in the payment of any installment required by this note . . . the entire principal sum and accrued interest shall at once become due, payable and collectable at the option of the holder of this note, without notice to the undersigned or their successors in interest.

Docket No. 44, p. 4. The DOT similarly recites that "[u]pon any such default, Beneficiary may *at any time without notice* . . . enter upon and take

---

[3] Idaho Code § 41-1920 provides: "In an annuity or pure endowment contract . . . there shall be a provision that the contract shall constitute the entire contract between the parties or, if a copy of the application is endorsed upon or attached to the contract when issued, a provision that the contract and the application therefor shall constitute the entire contract between the parties."

MEMORANDUM OF DECISION - 8

possession of said property or any part thereof . . . ." *Id.* at 6 (emphasis supplied). Furthermore, the DOT provides:

> Upon default by Grantor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default, Beneficiary shall execute or cause the Trustee to execute a written notice of such default and of his election to cause to be sold the herein described property to satisfy the obligations hereof . . . .

*Id.*

In other words, the Note and DOT contain a standard acceleration clause, whereupon if a payment is missed, all payments become due and payable immediately. While such clauses are common in land sale contracts and promissory notes, they clearly have no place in an Idaho annuity contract, which the statutes require to include a grace period of at least thirty days during which a late payment may be made while the contract remains in force.

In addition, Idaho Code § 41-1923 provides that in annuity contracts, there "shall be a provision that the contract may be reinstated at any time

MEMORANDUM OF DECISION - 9

within one (1) year from the default in making stipulated payments to the insurer, unless the cash surrender value has been paid" provided that all overdue stipulated payments shall be paid with interest.

Here, the DOT fails to provide for a one year period of reinstatement in the event the property is not sold to satisfy the obligations specified under the Note and DOT. Instead, the Note and DOT are silent concerning how long the "grantor" under the DOT is afforded to make up missed payments, assuming the Debtors had not already exercised their right to repossess the property and sell it to satisfy the obligations under the Note, a right that materializes immediately upon default.

The Court concludes that the Note and DOT do not include the necessary elements for an annuity as required by Idaho statutes, even though their basic format, to pay certain sums at stated times for a specified period, would seem to qualify. Rather, the contractual arrangement evidenced in the Note and DOT is exactly as they advertise:

MEMORANDUM OF DECISION - 10

a promissory note, secured by a purchase money deed of trust,[4] together evidencing the parties' agreement for the purchase and sale of real property. Accordingly, Idaho Code § 41-1836 does not protect the stream of payments to Debtors under the Note and DOT, and therefore they are not exempt. Trustee's objection to Debtors' claim of exemption is thus properly sustained.

## *Conclusion*

Debtors' claim of exemption will be denied. A separate order will be entered.

Dated: May 29, 2008

*[signature]*

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] The DOT is titled "DEED OF TRUST" but after the recitals provides "*THIS IS A PURCHASE MONEY DEED OF TRUST*". Docket No. 44, p. 5 (capitalization and italics in original).

MEMORANDUM OF DECISION - 11